J-S37029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TROY B. ZIMMERMAN, | |
| Appellant | No. 1632 WDA 2015 |

Appeal from the PCRA Order September 28, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000174-2013, CP-25-CR-0000636-2012

BEFORE: GANTMAN, P.J., SHOGAN and LAZARUS, JJ.

MEMORANDUM BY SHOGAN, J.:                     **FILED MAY 27, 2016**

Troy B. Zimmerman ("Appellant") appeals *pro se* from the order denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

We glean the facts of this case from the certified record. At some point between 11:00 p.m. on January 18, 2012, and 3:00 a.m. on January 19, 2012, in Erie County, Appellant stole a vehicle, crashed after failing to negotiate a curve, and then fled the scene, leaving behind two passengers. The Commonwealth filed a twelve-count information against Appellant on March 22, 2012, at trial court docket number ("DN") 636 of 2012. On April 4, 2012, Appellant pled guilty to one count of Accidents Involving Death or Personal Injury, one count of Unauthorized Use of Motor Vehicles, one count

of Driving While Operating Privileges are Suspended or Revoked, one count of Failure to Keep Right, and one count of Careless Driving. The trial court sentenced Appellant on June 7, 2012, to incarceration for a period of one to twelve months, followed by forty-eight months of probation. Based on credit for time served, Appellant was immediately paroled.

One week after Appellant was paroled, he and three other men broke into Rogers Sporting Goods store in Erie County and stole twenty-seven firearms valued in excess of $7,000. The Commonwealth filed a two-count information against Appellant on February 11, 2013, at DN 174 of 2013. On March 28, 2013, Appellant pled guilty to one count of burglary and one count of conspiracy to commit burglary.

Based on the charges at DN 174 of 2013, the trial court revoked Appellant's probation at DN 636 of 2012 on June 6, 2013, and re-sentenced him to incarceration for a period of one to two years. Additionally, the trial court sentenced Appellant at DN 174 of 2013 to incarceration for a period of twelve to thirty-six months, consecutive to the revocation sentence at DN 636 of 2012.

Upon incarceration, Appellant filed two motions to modify his sentence at DN 174 of 2013. He then filed a notice of appeal from the judgment of sentence on November 12, 2013, which resulted in the appointment of counsel, the filing of counsel's statement of intent to file an *Anders*/*McClendon* brief, and discontinuance of the appeal.

- 2 -

Appellant then filed a PCRA petition on June 16, 2014 ("2014 Petition"), and counsel was appointed on June 25, 2014. Two months later, counsel filed a no-merit letter and, on September 11, 2014, a petition to withdraw as counsel. The PCRA court granted counsel's petition to withdraw on September 11, 2014, and filed an opinion and notice of intent to dismiss the 2014 Petition without a hearing. The PCRA court dismissed the 2014 Petition on October 8, 2014. Appellant did not appeal that dismissal.

Two days before the trial court denied Appellant's 2014 Petition, Appellant filed a motion for time credit and corrected commitment at DN 636 of 2012, which the trial court denied on October 16, 2014. Appellant filed a second motion for time credit on November 18, 2014, which the trial court did not address.

On July 31, 2015, Appellant filed a petition to vacate illegal sentence, which was docketed at both trial court numbers. On August 13, 2015, the trial court treated the petition to vacate illegal sentence as a PCRA petition and appointed counsel.[1] Counsel filed a no-merit letter and a petition to withdraw on August 25, 2015. The PCRA court filed a notice of intent to dismiss the petition without a hearing on August 27, 2015, and granted

_____

[1] The common pleas court properly deemed this motion a PCRA petition because the motion sought relief cognizable under the PCRA. *See Commonwealth v. Hockenberry*, 689 A.2d 283, 288 (Pa. Super. 1997) ("Issues relating to the legality of sentence cannot be waived and are cognizable under the PCRA.").

counsel permission to withdraw on August 28, 2015. Appellant filed a *pro se* response to the PCRA court's notice of intent on September 10, 2015, and the PCRA court dismissed the petition on September 28, 2015. This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our consideration, which we restate here verbatim:

1. Did the Sentencing Court transgress its authority and sentence the Appellant to an additional order of 48 months probation, thus, subjecting the Appellant to be punished twice for the same offense at Ct. 1 of 636 CR 2012?

2. Did the Sentencing Court abolish Appellant's first guilty plea of concurrent terms upon resentencing to terms of consecutive?

3. Did the Sentencing Court transgress its authority by accepting a guilty plea in regards to Burglary and Conspiracy to commit burglary, in which the jurisdiction of the charges were in error to the crime committed, thus, depriving the appellant merging subjecting the Appellant to a harsher punishment then permitted by law?

Appellant's Brief at 2.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Id*. (citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013) (citing ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Although much of Appellant's *pro se* brief is rambling and incoherent, he challenges the legality of his sentences. "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007)

Our review of the record reflects that Appellant was re-sentenced at DN 636 of 2012 on June 6, 2013. Appellant did not file a direct appeal from the sentence at DN 636 of 2012. Accordingly, his judgment of sentence at DN 636 of 2012 became final on July 5, 2013, when the time for filing an appeal to this Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that

"a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

Appellant was also sentenced at 174 of 2013 on June 6, 2013, and, although he filed a notice of appeal from that judgment of sentence, he discontinued that appeal. Accordingly, his judgment of sentence at DN 174 of 2013 also became final on July 5, 2013, when the time for filing an appeal to this Court expired. 42 Pa.C.S. § 9545(b)(3). Therefore, Appellant had to file the current PCRA petition by July 5, 2014,[2] in order for it to be timely.[3] Appellant did not file the instant PCRA petition until July 31, 2015. Thus, Appellant's instant PCRA petition is patently untimely.

If a petitioner does not file a timely PCRA petition, his petition may nevertheless be received when the petition alleges, and the petitioner

_____

[2] Because July 5, 2014, fell on a Saturday, Appellant had until Monday, July 7, 2014, to file his PCRA petition. **See** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[3] We note that Appellant filed a timely PCRA petition at DN 174 of 2013 on June 16, 2014, which the PCRA court dismissed on October 8, 2014. However, under 42 Pa.C.S. § 9545(b), a second PCRA petition must be filed within one year of the date the judgment of sentence becomes final, except under the three limited circumstances set forth in 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii). **See Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa. Super. 1997).

proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4] That burden necessarily entails an acknowledgment by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply. *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

_____

[4] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Here, Appellant appears to complain that the trial court sentenced him twice for the same crime, imposed a harsher punishment by re-sentencing him to consecutive terms, and failed to merge the sentence for conspiracy to commit burglary with the burglary sentence. Appellant's Brief at 6, 7, and 8. However, Appellant does not plead or prove any of the exceptions to the PCRA time-bar. 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2016